**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:18-CR-21-TLS |
| ) | |
| BRANDON BUCHANAN ) | |

**OPINION AND ORDER**

The Defendant, Brandon Buchanan, has been ordered detained pending trial on charges that he aided maintenance of a residence for distributing controlled substances, a violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count 1), profited by managing a building to manufacture, store, or distribute a controlled substance, a violation of 21 U.S.C. § 856(a)(2) (Count 2), and unlawfully possessed a firearm and ammunition in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c) (Count 4). The Defendant faces potential penalties of imprisonment of not more than 20 years on Counts 1 and 2, and a range of between five years and life imprisonment on Count 4. This matter is before the Court on the Defendant's Motion for Revocation or Amendment of Detention Order [ECF No. 50] filed pursuant to 18 U.S.C. § 3145(b), which provides for district court review, upon motion by a defendant, of a Magistrate Judge's detention order.[1]

The Government requested the detention of the Defendant pending trial on grounds that the Defendant was a danger to the community and a risk of flight. (*See* Mot. for Detention, ECF No. 4.) On March 19, 2018, Magistrate Judge Paul R. Cherry conducted a detention hearing. He found that 18 U.S.C. § 3142(e)(3) created a rebuttable presumption that no condition or combination of conditions of release would reasonably assure the Defendant's appearance or the

---

[1] The Defendant filed a substantially similar Motion for Reconsideration on November 20, 2018 [ECF No. 46], which Magistrate Judge Paul R. Cherry denied without prejudice [ECF No. 47].

safety of the community. The Magistrate Judge concluded that the Defendant had not introduced sufficient evidence to rebut the presumption and, further, that the presumption was strengthened by the Defendant's failure to appear in court in another criminal case against him, the Defendant's lack of regular, established employment, the Defendant's substance abuse, that the Defendant committed the offenses charged while on bond for two other active criminal cases, because drugs, including fentanyl, and a weapon were found at the Defendant's residence, because the Defendant sold fentanyl to an undercover informant, and finally because the Defendant made a call to a friend asking that the friend wipe clean or delete data from the Defendant's cell phone while detained pending these charges. Thus, the Defendant was ordered to be detained pending trial.

A defendant may file a motion seeking review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." 18 U.S.C. § 3145(b). A district court may review a magistrate's detention order without holding a new hearing. *See United States v. Sophie*, 900 F.2d 1064, 1071 (7th Cir. 1990) ("An evidentiary hearing is necessary only if the party requesting the hearing raises a significant disputed factual issue.").

The argument for revocation set forth in the Defendant's Motion consists of the following assertions:

- The Defendant's pending cases in Michigan have been resolved.

- The Defendant would reside in Fort Wayne and would be able to find employment.

- The Defendant is not a flight risk or a danger to the community, and that charges alone do not justify detention.

(Mot. 2-3, ECF No. 50.) The Defendant also states that he would not object to any conditions of pretrial release and offers several example conditions.

The Bail Reform Act requires a judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Detention can be based on a showing of either dangerousness or risk of flight; only one is required. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). If such unconditional release will not reasonably assure appearance or will endanger safety, then the judicial officer must consider a number of conditions to accompany the release order. 18 U.S.C. § 3142(c). However, if, after a hearing pursuant to § 3142(f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order detention pending trial. *Id.* § 3142(e).

Section 3142(e) provides for two rebuttable presumptions in favor of detention. Because the Defendant's drugs and firearms offenses meet the requirements of § 3142(e)(3)(A) and (B), the Magistrate Judge was correct to find that his offense triggered a rebuttable presumption in favor of detention. A defendant can rebut the presumption by "coming forward with some evidence that he will not flee or endanger the community if released." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The rebutted presumption, however, is not erased. *Id.* "Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*

3

The factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community fit into four general categories. They take into account the available information concerning—(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Court considers first the Defendant's argument that the resolution of the matters in Michigan affect the Defendant's detention. The Defendant's submissions indicate that he pled guilty to the relevant charges in state court, including possession of narcotics. The Defendant states that, "[b]ased on this change in background information," and because "Magistrate Judge Cherry denied Defendant's release based in part on a concern about matters pending in the state of Michigan," the Defendant "believes that the Court can now find there are conditions of release that would satisfy the two-prong test of Defendant being a flight risk and a danger to the community." (Mot. ¶¶ 6-8.)

First, the Defendant's guilty pleas in state court in Michigan do not alter the analysis regarding detention. Magistrate Judge Cherry found that the Defendant was a flight risk and a

danger to the community in part because: "[t]he defendant committed the offenses charged in this case while on court supervisions (bond conditions) in two other criminal cases against him both of which are pending active cases." While the Defendant is correct that the cases are no longer pending and active, the more important part of the finding is that the Defendant committed additional offenses while on previous court supervisions, and nothing about that part of the finding has changed. In fact, if anything, pleading guilty to possession of narcotics reinforces some of the other reasons Magistrate Judge Cherry ordered the Defendant detained.

The Defendant's additional points were part of the initial pretrial report and considered at the hearing. Nonetheless, the Court has reviewed all the defendant's circumstances, and even if some – living with a family member and perhaps regular employment – might lessen the risk of non-appearance, the Court finds that they do not outweigh the other factors or overcome the presumption against release. The Defendant's current Motion also does not articulate how these facts lessen the danger the Defendant poses to the community.

The Court recognizes that pretrial confinement is a severe restriction on freedom, and the Defendant is correct that a defendant cannot be detained unless a finding is made that no release conditions will reasonably assure the safety of the community. Because criminal defendants are entitled to a presumption of innocence, the court must review all evidence and relevant factors carefully and thoroughly to prevent arbitrary and unwarranted deprivations of person liberty. The Court does not base the present decision to detain the Defendant solely on the charges against him, or on application of the rebuttable presumption in § 3142(e). Rather, the Court evaluated and weighed the relevant factors in § 3142(g). Based on this analysis, the Court finds that the Defendant is a flight risk and a danger to the community, and that no condition or combination of conditions will reasonably assure his appearance at trial.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion for Revocation or Amendment of Detention Order [ECF No. 50].

SO ORDERED on February 11, 2018.

                                                    s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT