UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-21-HAB |
| ) | |
| BRANDON BUCHANAN ) | |

**OPINION AND ORDER**

FCI Elkton is, by all accounts, a model for how not to run a prison during a pandemic. As of the date of this ruling, there are 360 active cases of COVID-19 among inmates at the facility, with nine inmate deaths. These numbers are surpassed in the BOP only by FCI Butner. *See* Federal Bureau of Prisons COVID-19 Statistics, https://www.bop.gov/coronavirus/. Earlier this year conditions deteriorated to the point that the United States District Court for the Northern District of Ohio ordered the BOP to identify medically vulnerable individuals and expedite their transfer from the facility, either to another facility or supervised release. *See Wilson v. Williams*, 2020 WL 1940882 (N.D. Ohio April 22, 2020), *vacated*, 961 F.3d 829 (6th Cir. 2020). FCI Elkton is not on anyone's list of must-visit places during summer 2020.

Against this backdrop, Brandon Buchanan, an inmate at FCI Elkton, filed an Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"). (ECF No. 103). The Motion was forwarded to the Federal Community Defender for consideration of representation (ECF No. 104), who moved to withdraw from her representation of Buchanan after review of his eligibility for relief. (ECF No. 106). Despite being given the opportunity to do so (*see* ECF No. 107), Buchanan has not responded to the FCD's motion to withdraw and the Government has not responded to the Motion. With all response deadlines having expired, this matter is now ripe for ruling.

**A.     Buchanan's Crime**

On March 8, 2018, law enforcement served a warrant at Buchanan's residence in Fort Wayne, Indiana. Officers found evidence of drug trafficking, including: 11.6 grams of fentanyl, 27.1 grams of crack cocaine, a Smith & Wesson revolver, various calibers of ammunition, more than $1,000 in cash, and two digital scales. (ECF No. 1). Buchanan and a co-defendant were indicted on three counts each: maintaining a premises for the purpose of distributing controlled substances in violation of 21 U.S.C. § 856(a)(1), profiting from the use of a premises for unlawfully manufacturing, storing, and distributing a controlled substance in violation of 21 U.S.C. § 856(a)(2), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 16). Buchanan eventually pled guilty to two counts and was sentenced to 117 months imprisonment and two years supervised release. (ECF No. 85).

**B.     Legal Analysis**

The Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Buchanan seeks compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

   (1) in any case --

      (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

> warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Buchanan, not the Director of the BOP, filed the motions, he must first demonstrate that he meets the statutory exhaustion requirement to proceed further. Buchanan asserts that he has done so by submitting a request to his case manager, counselor, and warden on April 10, 2020, to which no response has been made. (ECF No. 103 at 4). The Court finds no reason to doubt Buchanan's assertion and finds that he has satisfied the exhaustion requirement.

The thrust of the Motion (which appears to be a form that individual inmates can complete by filing in various blanks) is that Buchanan fears contracting COVID-19. He asserts that the pandemic has turned his sentence into a "de facto death sentence." (*Id*. at 6) Additionally, he states that he has had impeccable prison conduct and has been "shot free" since his incarceration. (*Id*. at 4–5). Buchanan believes that the conditions at FCI Elkton, his behavior post-incarceration, and his "documented medical issues" of "common cold/flu" (*Id*. at 5) constitute extraordinary and compelling reasons for release.[1]

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and

---

[1] Buchanan also notes a family history of diabetes, cancer, bronchitis, and pre-smoker (whatever that means). (ECF No. 103 at 5). However, there is no indication that he suffers from any of these conditions.

3

the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

In this case, Buchanan's filings give this Court very few reasons, let alone extraordinary or compelling ones, to justify granting the Motion. Buchanan has not articulated any medical condition, beyond a history of the common cold and flu, that makes him more susceptible to the virus nor has he provided any basis for the Court to conclude that he suffers from a serious condition that increases the likelihood of severe consequences from COVID-19. Buchanan, who is 30, is not in an at-risk age group and his family history does little to aid his cause.

As for his confinement, the Court has addressed the issues at FCI Elkton above. However, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Certainly, FCI Elkton finds itself on the end of the COVID-19 containment spectrum that weighs in favor of release. That being said, the Bureau of Prisons continues to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited June 11, 2020); *see also*, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. Those efforts have seen 586 inmates

recover from the virus, as well as all 50 of FCI Elkton's infected staff. https://www.bop.gov/coronavirus/. FCI Elkton continues to have a COVID-19 problem, but its progress in fighting the virus, coupled with Buchanan's complete lack of aggravating medical conditions, do not compel release.

Finally, with respect to the §3553(a) factors, the Court observes that Buchanan has served just over two years of his 117-month sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. Buchanan does not identify a single educational or rehabilitative program that he has completed, and he has been disciplined at least once during his incarceration. (ECF No. 103 at 4). Buchanan's hyperbole regarding his "de facto death sentence" notwithstanding, the Court finds that the significant sentence reduction that Buchanan seeks would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for Buchanan's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Buchanan does not meet the criteria for compassionate release and the Motion (ECF No. 103) is DENIED.

SO ORDERED on July 7, 2020.

                                      s/ *Holly A. Brady*
                                      JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT