UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-21-HAB |
| ) | |
| BRANDON BUCHANAN ) | |

**OPINION AND ORDER**

Now before the Court are two rounds of filings by Petitioner Brandon Buchanan ("Buchanan"). In early March, he filed a Motion for Leave to Amend Section 2255 Motion (ECF No. 121), a Motion for Extension of Time to File Section 2255 Petition (ECF No. 122), and a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 123). The Court determined that the timing issue was potentially dispositive, so it ordered the Government to respond to the motion for extension. (ECF No. 124). The Government did so. (ECF No. 125). Thereafter, Buchanan filed a Motion to Apply Prison Mailbox Rule and Deem Petitioner's Motion Pursuant to 28 U.S.C. § 2255 Filed on September 23, 2020 (ECF No. 126), a Motion for Leave to File Petitioner's Brief in Support of Motion Pursuant to 28 U.S.C. § 2255 (ECF No. 127), and a Motion to Withdraw Motion for Extension of Time to File Section 2255 Petition (ECF No. 128). Having reviewed these filings, the Court concludes that Buchanan has satisfied his burden in establishing the applicability of the prison mailbox rule.

**I.     Factual Background**

Buchanan pled guilty to one count of maintaining a drug involved premises and one count of possessing a firearm in furtherance of a drug trafficking crime. He was sentenced to a total of 117 months' imprisonment and two years of supervised release on September 25, 2019. Buchanan

did not appeal. As such, his deadline to file a § 2255 petition was one-year from his deadline to appeal: October 9, 2020. No petition was on file by the expiration of Buchanan's deadline.

In February 2022, Defendant filed a Motion for Leave to Amend Section 2255 Motion (ECF No. 119). The Court denied the motion, noting that there was no habeas petition on file to amend. (ECF No. 120). Thus began the slew of filings.

In response to the Government's discussion of the prison mailbox rule, Buchanan filed three exhibits in support of his motion to apply that rule. Exhibit B is Buchanan's affidavit. In that affidavit, Buchanan states that, on September 23, 2020, he hand-delivered a § 2255 petition to a mailroom staff member at FCI Elkton. He states that he received a receipt for the filing, which is Exhibit A. Finally, Buchanan submits what he purports to be the § 2255 petition as Exhibit C.

## II. Legal Discussion

Under the prison mailbox rule, a *pro se* prisoner document is deemed "filed" when the prisoner delivers it to a prison official for mailing to the court. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). When a *pro se* party claims to have filed a document that was not received by the court, the procedure in *Ray v. Clements*, 700 F.3d 993 (7th Cir. 2012), applies. Noting that this situation could lead to a filing pending for years without anyone noticing, the Seventh Circuit established "exacting" standards for a pro se prisoner to establish the applicability of the prison mailbox rule.

> The prisoner's sworn declaration should identify the who, what, when, where, how, and why of his alleged delivery to a prison official. And in cases where the purported filing is not received by the court, the petitioner must supply a sworn declaration attesting to these facts plus some other corroborating evidence. This "other evidence" can be documentary (for example, copies of the filing, postmarked envelope, or other correspondences). Or, it may be testimonial. But once the pro se prison litigant adduces such evidence, he has done all that is required.

*Id*. at 1011-12.

The Court is not overwhelmed by Buchanan's evidence. Exhibit A has several problems. The top half of that exhibit is a note, presumably from a mailroom staff member. It states:

You did not send any mail via certified on 9/23/22.

You had outgoing legal mail sent on 9/23/22.

(ECF No. 126-1 at 1). That note isn't signed and discusses a date five months in the future. Perhaps more concerning, the note appears to cover up the top half of what is purported to be the receipt Buchanan received from the prison mailroom when he submitted the § 2255 petition. Exhibit A also expressly contradicts Buchanan's motion for extension of time, which stated that the petition was "mailed certified return receipt requested," and was "delivered to the Clerk of Court office and [was] signed by a Clerk of Court office employee." (ECF No. 122 at 2). All these facts give the Court pause about the veracity of Buchanan's affidavit.

That said, Exhibit A demonstrates that Buchanan submitted something for filing to the Court on September 23, 2020, and there is no filing on the docket that would correspond to a document submitted to the prison mailroom on that date.[1] Buchanan's affidavit meets the standards set forth by the § 2255 rules, *see* 28 U.S.C. § 2255, R. 3(d), and sets forth the "who, what, when, where, how, and why of his alleged delivery" to the prison mailroom. Buchanan has also provided a copy of a § 2255 petition bearing the September 23, 2020, date. To quote the Seventh Circuit, he has done all that is required.

## III.   Conclusion

For these reasons, the Court:

---

[1] There is an emergency motion for compassionate release that was filed on October 5, 2020. (ECF No. 110). However, that motion was signed on October 1, 2020. (*Id*. at 8). This cannot be, then, the filing from September 23, 2020.

3

- DIRECTS the Clerk to file Exhibit C to Buchanan's Motion to Apply Prison Mailbox Rule and Deem Petitioner's Motion Pursuant to 28 U.S.C. § 2255 on September 23, 2020 (ECF No. 126-1 at 3-19) as of September 23, 2020;

- DENIES Buchanan's Motion for Extension of Time to File Section 2255 Petition (ECF No. 122), Motion to Apply Prison Mailbox Rule and Deem Petitioner's Motion Pursuant to 28 U.S.C. § 2255 Filed on September 23, 2020 (ECF No. 126), and Motion to Withdraw Motion for Extension of Time to File Section 2255 Petition (ECF No. 128) as MOOT;

- DENIES Buchanan's Motion for Leave to Amend Section 2255 Motion (ECF No. 121) because it fails to attach an original, signed proposed amendment in violation of N.D. Ind. L.R. 15-1(a);

- STRIKES Buchanan's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 123); and

- GRANTS Buchanan's Motion for Leave to File Petitioner's Brief in Support of Motion Pursuant to 28 U.S.C. § 2255 (ECF No. 127). Buchanan's brief in support of his § 2255 petition shall be filed no later than June 3, 2022. The Government's brief in response shall be filed no later than July 5, 2022. Buchanan's reply brief, if any, shall be filed no later than July 19, 2022.

Should Buchanan wish to amend his § 2255 petition, he must do so no later than June 3, 2022. Such a filing must comply with the requirements of N.D. Ind. L.R. 15-1(a). In the event an amended petition is filed, the Court will issue a revised briefing schedule.

SO ORDERED on May 3, 2022.

                                                                         <u>s/Holly A. Brady</u>
                                                                         JUDGE HOLLY A. BRADY
                                                                         UNITED STATES DISTRICT COURT